UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN VELAZQUEZ,<br><br>        Plaintiff,<br><br>v.<br><br>CONNIE GIBSON, et al.,<br><br>        Defendants. | Case No. 1:18-cv-00408-EPG (PC)<br><br>ORDER FOR PLAINTIFF TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED BECAUSE THE STATUTE OF LIMITATIONS RAN BEFORE IT WAS FILED<br><br>(ECF NO. 1)<br><br>THIRTY DAY DEADLINE |

Alan Velazquez ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983.

Plaintiff filed the complaint commencing this action on July 6, 2017. (ECF No. 1). It appears that Plaintiff sent the complaint to the Court for filing on or around June 25, 2017. (Id. at p. 54). As the incidents alleged in the complaint occurred in 2013 and early 2014, based on the face of the complaint it appears that Plaintiff filed this action after the statute of limitations period ran. Accordingly, the Court will order Plaintiff to show cause why this action should not be dismissed because the statute of limitations ran before Plaintiff filed this action.

**I. APPLICABLE LAW**

California's two-year statute of limitations for personal injury actions applies to § 1983 claims. Butler v. Nat'l Cmty. Renaissance of California, 766 F.3d 1191, 1198 (9th Cir. 2014); Cal. Civ. Proc. Code § 335.1.

1

The statute of limitations can be tolled for various reasons. Whether Plaintiff is entitled to equitable tolling is also determined by California law, except to the extent that California laws are inconsistent with federal law. Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004).

Equitable tolling "operates independently of the literal wording of the Code of Civil Procedure to suspend or extend a statute of limitations as necessary to ensure fundamental practicality and fairness." Jones, 393 F.3d at 928 (quoting Lantzy v. Centex Homes, 31 Cal. 4th 363, 370 (2003)) (internal quotation marks omitted). Under California law, there is a "three-pronged test for invocation" of the equitable tolling doctrine: "(1) timely notice to the defendant in filing the first claim; (2) lack of prejudice to defendant in gathering evidence to defend against the second claim; and, (3) good faith and reasonable conduct by the plaintiff in filing the second claim." Collier v. City of Pasadena, 142 Cal. App. 3d 917, 924 (Ct. App. 1983) (footnote omitted); Addison v. State of California, 21 Cal. 3d 313, 319 (1978); Daviton v. Columbia/HCA Healthcare Corp., 241 F.3d 1131, 1133 (9th Cir. 2001) (en banc). "Application of California's equitable tolling doctrine 'requires a balancing of the injustice to the plaintiff occasioned by the bar of his claim against the effect upon the important public interest or policy expressed by the … limitations statute.'" Jones, 393 F.3d at 928 (quoting Lantzy, 31 Cal. 4th at 371)).

"Where exhaustion of an administrative remedy is mandatory prior to filing suit, equitable tolling is automatic: 'It has long been settled in this and other jurisdictions that whenever the exhaustion of administrative remedies is a prerequisite to the initiation of a civil action, the running of the limitations period is tolled during the time consumed by the administrative proceeding.'" McDonald v. Antelope Valley Cmty. Coll. Dist., 45 Cal. 4th 88, 101 (2008) (quoting Elkins v. Derby, 12 Cal. 3d 410, 414 (1974)). See also Brown v. Valoff, 422 F.3d 926, 943 (9th Cir. 2005) ("[T]he applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process.").

Additionally, California Code of Civil Procedure § 352.1(a) provides: "If a person entitled to bring an action… is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two

years.

**II. ANALYSIS**

It appears that Plaintiff mailed his complaint to the Court on or around June 25, 2017. (ECF No. 1, p. 54). It appears that the allegations related to Plaintiff's claims occurred between August 29, 2013, and February 6, 2014. (Id. at 16-19). Plaintiff alleges that he finished exhausting his administrative remedies on June 5, 2014. (Id. at 20). Based on the complaint it appears that Plaintiff is serving a life sentence, and is thus not entitled to the additional two years given by California Code of Civil Procedure § 352.1(a).

Accordingly, tolling the statute of limitations for the time while Plaintiff was exhausting his administrative remedies, the complaint should have been filed on or before June 5, 2016. As the complaint was not mailed to the Court until on or around June 25, 2017, it appears that Plaintiff filed the complaint over a year after the statute of limitations ran.

While additional equitable tolling could apply, it does not appear to. Under California law, there is a "three-pronged test for invocation" of the equitable tolling doctrine: "(1) timely notice to the defendant in filing the first claim; (2) lack of prejudice to defendant in gathering evidence to defend against the second claim; and, (3) good faith and reasonable conduct by the plaintiff in filing the second claim." Collier, 142 Cal. App. at 924 (footnote omitted).

The Court takes judicial notice of Velazquez v. Connie Gibson, C.D. CA, 5:15-cv-01296. This habeas corpus case appears to involve similar allegations to the allegations in Plaintiff's complaint, and would have been timely filed (it was docketed on or around July 1, 2015).[1] However, it does not appear that Plaintiff acted with reasonable promptness in filing this action once the habeas petition was dismissed.

Plaintiff's federal habeas case was dismissed for lack of habeas jurisdiction. Velazquez v. Connie Gibson, ECF No. 12, p. 6; ECF No. 14. The report and recommendation, which was adopted in full, states: "To the extent that petitioner wishes to pursue a federal claim alleging that the disciplinary conviction violated his federal due process rights, petitioner may file a new and

---

[1] Based on the allegations in his complaint, prior to bringing his federal case, Plaintiff filed his habeas corpus petitions in Kings County Superior Court, the California Court of Appeal for the Fifth District, and the California Supreme Court. (ECF No. 1, p. 20). His habeas petitions were denied at all three levels. (Id.).

3

separate civil rights action pursuant to 42 U.S.C. § 1983. The Court declines in this case to exercise its discretion to consider this Petition as a civil rights complaint because petitioner has not named the appropriate defendants who allegedly violated his civil rights, and he may not wish to become obligated to pay the significantly higher filing fee required for cases brought pursuant to Section 1983." Id. at ECF No. 12, p. 5; ECF No. 14. The dismissal occurred on December 10, 2015. Id. at ECF Nos. 14 & 15.

Despite being told on or around December 10, 2015, that he needed to file a § 1983 case if he wanted to pursue his claim, Plaintiff did not mail the complaint commencing this action to the Court until on or around June 25, 2017. Therefore, it appears that Plaintiff did not diligently pursue his claims, and that Plaintiff is not entitled to additional equitable tolling.

**III. ORDER**

Accordingly, based on the foregoing, it is HEREBY ORDERED that within **thirty (30) days** from the date of service of this order, Plaintiff shall show cause why this action should not be dismissed because the statute of limitations ran before Plaintiff filed this action.

IT IS SO ORDERED.

Dated: __**March 28, 2018**__    /s/ Erin P. Groij
UNITED STATES MAGISTRATE JUDGE