UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN VELAZQUEZ,<br><br>        Plaintiff,<br><br>    v.<br><br>CONNIE GIBSON, et al.,<br><br>        Defendants. | Case No. 1:18-cv-00408-LJO-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S CASE BE DISMISSED BECAUSE THE STATUTE OF LIMITATIONS RAN BEFORE THIS CASE WAS FILED<br><br>(ECF NOS. 1 & 12)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS |

      Alan Velazquez ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983.

      Plaintiff filed the complaint commencing this action on July 6, 2017. (ECF No. 1). Based on the face of the complaint, it appeared that Plaintiff filed this action after the statute of limitations ran. Accordingly, the Court ordered Plaintiff to "show cause why this action should not be dismissed because the statute of limitations ran before Plaintiff filed this action." (ECF No. 12, p. 4). Plaintiff filed his response to the order to show cause on May 31, 2018. (ECF No. 17).

      For the reasons described below, the Court will recommend that this action be dismissed because, based on the face of the complaint, the statute of limitations ran before Plaintiff filed this action.

1

## I. APPLICABLE LAW

California's two-year statute of limitations for personal injury actions applies to § 1983 claims. Butler v. Nat'l Cmty. Renaissance of California, 766 F.3d 1191, 1198 (9th Cir. 2014); Cal. Civ. Proc. Code § 335.1.

The statute of limitations can be tolled for various reasons. Whether Plaintiff is entitled to equitable tolling is also determined by California law, except to the extent that California laws are inconsistent with federal law. Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004).

Equitable tolling "operates independently of the literal wording of the Code of Civil Procedure to suspend or extend a statute of limitations as necessary to ensure fundamental practicality and fairness." Jones, 393 F.3d at 928 (quoting Lantzy v. Centex Homes, 31 Cal. 4th 363, 370 (2003)) (internal quotation marks omitted). Under California law, there is a "three-pronged test for invocation" of the equitable tolling doctrine: "(1) timely notice to the defendant in filing the first claim; (2) lack of prejudice to defendant in gathering evidence to defend against the second claim; and, (3) good faith and reasonable conduct by the plaintiff in filing the second claim." Collier v. City of Pasadena, 142 Cal. App. 3d 917, 924 (Ct. App. 1983) (footnote omitted); Addison v. State of California, 21 Cal. 3d 313, 319 (1978); Daviton v. Columbia/HCA Healthcare Corp., 241 F.3d 1131, 1133 (9th Cir. 2001) (en banc). "Application of California's equitable tolling doctrine 'requires a balancing of the injustice to the plaintiff occasioned by the bar of his claim against the effect upon the important public interest or policy expressed by the … limitations statute.'" Jones, 393 F.3d at 928 (quoting Lantzy, 31 Cal. 4th at 371)).

"Where exhaustion of an administrative remedy is mandatory prior to filing suit, equitable tolling is automatic: 'It has long been settled in this and other jurisdictions that whenever the exhaustion of administrative remedies is a prerequisite to the initiation of a civil action, the running of the limitations period is tolled during the time consumed by the administrative proceeding.'" McDonald v. Antelope Valley Cmty. Coll. Dist., 45 Cal. 4th 88, 101 (2008) (quoting Elkins v. Derby, 12 Cal. 3d 410, 414 (1974)). See also Brown v. Valoff, 422 F.3d 926, 943 (9th Cir. 2005) ("[T]he applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process.").

Additionally, California Code of Civil Procedure § 352.1(a) provides: "If a person entitled to bring an action … is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years."

## II. PLAINTIFF'S RESPONSE

Plaintiff argues that, under California Code of Civil Procedure § 352.1(a), he is entitled to a four-year statute of limitations period, and that he filed his lawsuit within that four-year period. Plaintiff further argues that "inconsistent rulings gave way" to his four-year deadline. Finally, Plaintiff alleges that this action is his first time bringing these claims and that he filed his case within a reasonable time.

Plaintiff admits that he is serving a life sentence.

## III. ANALYSIS

Plaintiff mailed his complaint to the Court on or around June 25, 2017. (ECF No. 1, p. 54). It appears that the allegations related to Plaintiff's claims occurred between August 29, 2013, and February 6, 2014. (Id. at 16-19). Plaintiff alleges that he finished exhausting his administrative remedies on June 5, 2014. (Id. at 20).

Accordingly, tolling the statute of limitations for the time while Plaintiff was exhausting his administrative remedies, the complaint should have been filed on or before June 5, 2016. As the complaint was not mailed to the Court until on or around June 25, 2017, Plaintiff filed the complaint over a year after the statute of limitations ran.

Plaintiff is incorrect that all prisoners are entitled to the two-year tolling provided by California Code of Civil Procedure § 352.1(a). Tolling under California Code of Civil Procedure § 352.1(a) is provided to prisoners who are serving "a term less than for life." As Plaintiff is serving a life sentence, he is not imprisoned for "a term of less than life," and thus is not entitled to this tolling.[1]

---

[1] The Court notes that Plaintiff argues that "inconsistent rulings gave way" to his established four-year deadline, and cites to Johnson v. State of Cal., 207 F.3d 650, 654 (9th Cir. 2000), to support this proposition. However, as analyzed above, Plaintiff is not entitled to the additional two years of tolling. It is unclear why Plaintiff

3

Additionally, there are no facts in either Plaintiff's complaint or his response to the order to show cause that would establish, if true, that Plaintiff is entitled to additional equitable tolling. Under California law, there is a "three-pronged test for invocation" of the equitable tolling doctrine: "(1) timely notice to the defendant in filing the first claim; (2) lack of prejudice to defendant in gathering evidence to defend against the second claim; and, (3) good faith and reasonable conduct by the plaintiff in filing the second claim." Collier, 142 Cal. App. at 924 (footnote omitted).

While Plaintiff alleges that this is his first time bringing these claims, the Court takes judicial notice of Velazquez v. Connie Gibson, C.D. CA, 5:15-cv-01296. This habeas corpus case appears to involve similar allegations to the allegations in Plaintiff's complaint, and would have been timely filed (it was docketed on or around July 1, 2015).[2] However, it does not appear that Plaintiff acted with reasonable promptness in filing this action once his habeas petition was dismissed, and Plaintiff's conclusory allegation that he filed this action within a reasonable time does not appear to be accurate.

Plaintiff's federal habeas case was dismissed for lack of habeas jurisdiction. Velazquez v. Connie Gibson, ECF No. 12, p. 6; ECF No. 14. The report and recommendation, which was adopted in full, states: "[t]o the extent that petitioner wishes to pursue a federal claim alleging that the disciplinary conviction violated his federal due process rights, petitioner may file a new and separate civil rights action pursuant to 42 U.S.C. § 1983. The Court declines in this case to exercise its discretion to consider this Petition as a civil rights complaint because petitioner has not named the appropriate defendants who allegedly violated his civil rights, and he may not wish to become obligated to pay the significantly higher filing fee required for cases brought pursuant to Section 1983." Id. at ECF No. 12, p. 5; ECF No. 14. The dismissal occurred on December 10,

---

cites to this case. The case does state that, "[p]rior to the enactment of § 352.1(a) of the California Code of Civil Procedure on January 1, 1995, prisoners serving less than a life sentence could toll claims for their entire sentence," and that "claims ... that accrued before January 1, 1995 are tolled for two years from accrual, or until January 1, 1995, *whichever occurs later*, as long as such an application does not result in manifest injustice." Id. (alterations in original) (citations and internal quotation marks omitted). However, Plaintiff is serving a life sentence, and Plaintiff's claims did not accrue before 1995. Accordingly, this case does not appear to be relevant.

[2] Based on the allegations in his complaint, prior to bringing his federal case, Plaintiff filed his heabas corpus petitions in Kings County Superior Court, the California Court of Appeal for the Fifth District, and the California Supreme Court. (ECF No. 1, p. 20). His habeas petitions were denied at all three levels. (Id.).

2015.  Id. at ECF Nos. 14 & 15.

Despite being told on or around December 10, 2015, that he needed to file a § 1983 case if he wanted to pursue his claim, Plaintiff did not mail the complaint commencing this action to the Court until on or around June 25, 2017.  Neither Plaintiff's complaint nor his response to the order to show cause provide any explanation as to why Plaintiff waited so long to file this action after his habeas case was dismissed.

Therefore, the Court finds that Plaintiff did not diligently pursue his claims, and that Plaintiff is not entitled to additional equitable tolling.

## IV. RECOMMENDATIONS

Accordingly, based on the foregoing, the Court HEREBY RECOMMENDS that:

1. This action be dismissed because the statute of limitations ran before this case was filed; and
2. The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 5, 2018**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE